**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROSINE COLLIN GHAWJI, individually**
**and on behalf of her minor children, L.M.G.**
**and T.G.,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:07-cv-60-Orl-31DAB**

**JUDGE DONNA FIELDS, Circuit Court of**
**Tennessee for the Thirtieth Judicial District**
**at Memphis, Shelby County, individually,**

        **Defendant.**

## ORDER

The Plaintiff, Rosine Collin Ghawji ("Ghawji"), is embroiled in divorce proceedings in state court in Tennessee before the Defendant, Judge Donna Fields ("Judge Fields"). (Doc. 2 at 10). According to Ghawji, those proceedings – which she filed in 2004 – are scheduled to end this afternoon. (Doc. 2 at 10). Ghawji seeks to have this Court enter a temporary restraining order to stop Judge Fields from continuing those proceedings and from enforcing an earlier order that prevents Ghawji from filing suits against her husband and two other individuals. (Doc. 2 at 2). In her complaint (Doc. 1), Ghawji contends that Judge Fields took various actions during the divorce proceedings that violated her rights under the United States Constitution, including her rights to free speech, due process, counsel, and equal protection. (Doc. 1 at 12-13). Ghawji has sued Judge Fields under 42 U.S.C. § 1983 on her own behalf and on behalf of her two minor children.

Ghawji contends that Judge Fields was served with the complaint on Friday, January 12, 2007 at 5:34 p.m. (Doc. 2 at 2 n.1). However, Ghawji offers no explanation as to how this Court has personal jurisdiction over the Defendant, who resides in Tennessee rather than this state. (Doc. 12 at 2). There is no suggestion that Judge Fields has ever visited the Middle District of Florida, much less that she has committed any act here that would require her to submit to the jurisdiction of this Court.[1]

Just as problematic is the fact that this Court appears to lack subject matter jurisdiction over this dispute. This Court's jurisdiction is original, not appellate, under 28 U.S.C. § 1331. If Judge Fields' decision had been reduced to judgment, this Court would lack jurisdiction to reverse or modify it. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), *and Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988) (holding that district court lacked jurisdiction to hear a Section 1983 claim that in essence sought to reverse a state court's child custody determination). The same certainly holds true while the divorce and custody proceedings are ongoing.

Perhaps for this reason, Ghawji asserts that jurisdiction exists under the Anti-Injunction Act (28 U.S.C. § 2283) and the All Writs Act (28 U.S.C. § 1651) rather than the statute that confers federal question jurisdiction upon this Court – 28 U.S.C. § 1331. However, neither of the sections cited by Ghawji is jurisdictional. *See Matter of Mooney Aircraft, Inc.*, 730 F.2d 367, 372 (5th Cir. 1984) (stating that Anti-Injunction Act is not a jurisdictional statute) *and Pacheco de*

---

[1] Judge Fields also likely possesses immunity from these proceedings. *See, e.g., Sparks v. Duval County Ranch Co., Inc.*, 588 F.2d 124, 125-26 (5th Cir. 1979) (noting that judges are immune from Section 1983 suits unless they are acting "in clear absence of all jurisdiction"). Ghawji has not alleged that Judge Fields lacks jurisdiction over her divorce proceedings.

*Perez v. AT&T Co.*, 139 F.3d 1368, 1378-79 (11th Cir. 1998) (stating that All Writs Act does not provide an independent basis for federal jurisdiction).

Turning to the merits, the Court finds that, even assuming that it possessed jurisdiction over the Defendant or this dispute, the Plaintiff has failed to demonstrate entitlement to a temporary restraining order.  Pursuant to Federal Rule of Civil Procedure 65(b), Ghawji must show that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition" and explain "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Ghawji has accused her husband, among other things, of numerous threatening acts, and clearly what she fears is that, this afternoon, Judge Fields will award him custody of their two children.  However, even if such an award of custody could constitute an irreparable injury, the state court proceedings – which this Plaintiff herself chose to file before Judge Fields – have been ongoing for years.  Ghawji offers no explanation as to why this motion could not have been filed days or even weeks ago, rather than mere hours before Judge Fields is (apparently) set to decide the custody issue.  Moreover, even if Judge Fields' order barring Ghawji from filing additional suits is wrongful, there has been no showing that such wrong is irreparable and must be remedied in the next few hours.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 16, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party